# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ZACHARY CHILDREE and  \* | |
| MEGAN AKERS on behalf of B.C.,  \* | |
| a minor child,  \* | |
|   \* | No. 17-848V |
| Petitioners,  \* | Special Master Christian J. Moran |
|   \* | |
| v.  \* | |
|   \* | Filed: March 25, 2019 |
| SECRETARY OF HEALTH  \* | |
| AND HUMAN SERVICES,  \* | Entitlement, dismissal |
|   \* | |
| Respondent.  \* | |

* * * * * * * * * * * * * * * * * * * *

Diana L. Stadelnikas, Maglio Christopher and Toale, PA, for petitioners; Jeffrey T. Sprague, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Zachary Childree and Megan Akers filed a petition on behalf of their child, B.C., under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa—10 through 34, on June 22, 2017. The petition alleged that various vaccinations that B.C. received on July 21, 2016, caused B.C. to suffer from seizures. See Petition, filed June 22, 2017, at 1-2. On January 3, 2019, petitioners moved for a decision dismissing their petition.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

### I. Procedural History

Petitioners filed their petition on behalf of B.C. on June 22, 2017. Following an extension of time, petitioners finished submitting B.C.'s medical records and filed a statement of completion on August 1, 2017.

On November 20, 2017, the Secretary filed his Rule 4 report opposing a finding of entitlement. As initial matter, the Secretary pointed out that B.C.'s seizures were afebrile and short in duration, that he did not suffer from status epilepticus, and that he did not have any signs or symptoms consistent with an acute encephalopathy. The Secretary stated that none of B.C.'s treating physicians proposed a connection between the vaccinations and his seizure disorder. The Secretary also noted that petitioners had not yet proposed a medical theory for how the vaccinations caused B.C.'s injuries or how a four-day onset is an appropriate time frame.

At the Rule 5 status conference on December 14, 2017, the parties agreed to proceed to the expert report phase and petitioners' expert report deadline was set for March 20, 2018. The undersigned then issued expert instructions.

Despite numerous extensions of time, petitioners were unable to retain an expert and never filed their initial expert report. Subsequently, petitioners filed the instant Motion for a Decision Dismissing the Petition on January 3, 2019. Due to the government shutdown, respondent's response deadline was extended to March 5, 2019, but respondent did not file a response.

This matter is now ready for adjudication.

### II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain other persuasive evidence indicating that petitioner's injuries are vaccine-caused or significantly aggravated by a vaccine.

Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not sufficiently support petitioners' claim, a medical opinion must be offered in support. A medical opinion has not been offered.

In their motion, petitioners stated that they "will be unable to prove that B.C. is entitled to compensation Vaccine Program" despite consultation with B.C.'s treating neurologist and pediatric neurologist. A review of the record supports the conclusion that petitioners have not proposed a medical theory connecting the vaccinations to B.C. injuries and that B.C.'s treating physicians did not relate the vaccinations to his injuries.

Accordingly, the undersigned finds that petitioners have not demonstrated that the vaccinations "actually caused" or "significantly aggravated" B.C.'s injuries.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master