# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| ZACHARY CHILDREE *and* * | |
| MEGAN AKERS *on behalf of* B.C., * | |
| *a minor child,* * | |
| * | No. 17-848V |
| Petitioners, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: September 30, 2019 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * ** * | |

Diana L. Stadelnikas, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioners;

Jeffrey T. Sprague, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

On June 12, 2019, petitioners Zachary Childree and Megan Akers moved for final attorneys' fees and costs. They are awarded **$31,692.58**.

\* \* \*

On June 22, 2017, petitioners, on behalf of their minor child B.C., filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that various vaccinations that B.C. received on July 21, 2016, caused B.C. to suffer from seizures. See Petition, filed June 22, 2017, at 1-2. Thereafter, petitioners moved for a decision dismissing their petition which the undersigned granted, dismissing the petition on March 25, 2019. Decision, ECF No. 45.

On June 12, 2019, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $28,790.40 and attorneys' costs of $2,902.18 for a total request of $31,692.58. Fees App. at 1. Pursuant to General Order No. 9, petitioners state that they have not personally incurred any costs. Fees App. at 2. On June 25, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioners filed a reply on June 26, 2019, reiterating their belief that the requested amount of fees and costs is reasonable. Reply at 3.

\* \* \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, the undersigned finds that petitioner's claim has a reasonable basis. Respondent also has not challenged the reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step

process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request the following rates for the work of their counsel, Ms. Stadelnikas: $359.00 per hour for work performed in 2016, $372.00 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, and $415.00 per hour for work performed in 2019. Fees App. Ex. 1 at 17. Petitioners also requests paralegal compensation at $135.00 - $154.00 per hour depending on the paralegal and the year the work was performed in. Id. These rates are consistent with what the undersigned and other special masters have previously awarded for Ms. Stadelnikas' work. See Sturdivant v. Sec'y of Health & Human Servs., No. 16-1672V, 2019 WL 410600, at *2 (Fed. Cl. Spec. Mstr. Jan. 8, 2019). Accordingly, the rates sought herein are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993).

The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds the billed hours to be reasonable. Accordingly, petitioners are entitled to the full amount of attorney's fees sought.

### C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioners request a total of $2,902.18 in attorneys' costs, comprised of the Court's filing fee, postage, and $300.00 for review of medical records by Dr. John Gaitanis. Fees App. Ex. 2 at 1-2. Petitioners have provided adequate documentation for these costs and the undersigned finds them to be reasonable. Petitioners are therefore entitled to the full amount of costs sought.

### D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$31,692.58** (representing $28,790.40 in attorneys' fees and $2,902.18 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and Maglio Christopher & Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.